# Exhibit M

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MATTHEW DALY, on behalf of himself and all others similarly situated,**<br>*Plaintiff*,<br><br>v.<br><br>**WEST MONROE PARTNERS, INC., et al.**<br>*Defendants*. | )<br>)<br>)<br>)  Case No. 1:21-cv-06805 (RAG/SMF)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF CHARLES H. FIELD

I, Charles H. Field, Esq., hereby declare as follows:

1. I make this supplemental declaration to correct misrepresentations made in the Bailey & Glasser, LLP ("B&G") and Izard, Kindall & Raabe, LLP ("IKR")'s Reply in Support of their Appointment as Interim Class Counsel on behalf of Plaintiff Nathan Ulery (Dkt. 57).

2. In his declaration in support of Ulery's Reply, Ulery's counsel Robert Izard states that "SHS proposed that it would simply pay a referral fee to IKR and B&G for referring Mr. Ulery as an additional client but that they would not work actively on the case." Ulery Ex. J (Dkt. 57-3). This statement is false.

3. On February 4, 2022, Robert Izard emailed two of my colleagues stating that he and Gregory Porter of B&G "represent[ed] a former senior employee and director of West Monroe Partners" in connection with the ESOP redemption and "saw that [SHS] ha[d] already filed a case asserting the claim." We agreed to have a call to discuss a potential co-counsel arrangement.

4. On February 7, 2022, my colleagues at SHS and I had a call with Gregory Porter

1

and Robert Izard to discuss the potential co-counsel arrangement. Mr. Porter and Mr. Izard proposed that B&G and IKR would receive 2/3 of any attorney's fees awarded in the case (one third for each firm) and that SHS would receive the other third.

5. On February 8, 2022, I and my colleagues spoke to Plaintiff Daly and relayed Ulery's counsel's offer. As noted in Mr. Daly's Declaration (Dkt. 54-1) ¶ 11, Daly agreed that B&G and IKR's offer was not a fair one given the hours and resources that SHS had put into investigating the case and preparing the initial Complaint (Dkt. 1) and that SHS should reject it.

6. On February 11, 2022, I wrote an email to Ulery's counsel stating that SHS found it hard to accept their fee split, under which SHS would receive only a third of the compensation for a case that SHS investigated and filed. I proposed another call the following Monday.

7. On February 14, 2022, David Sanford, Sean Ouellette, Russell Kornblith, and I met with Robert Izard and Gregory Porter to further discuss the potential co-counsel arrangement. SHS Legal Assistant Fernando Salazar took contemporaneous notes. During the call, I told Ulery's counsel that their proposed "3/3/3 split for a case we researched, developed and filed first was not a realistic **number** for us." I told B&G and IKR that our "counterproposal" was an "80/20" fee split, anticipating that B&G and IKR would continue to engage in good faith negotiations to find a middle ground. I did not ask B&G and IKR that Ulery be referred to SHS as a client, did not ask the firms to terminate their retainer with him, did not state that B&G and IRK would "not work actively on the case" if they accepted our counterproposal, and did not offer to pay a referral fee.

8. During the call, my colleague David Sanford also made clear that we were discussing a co-counseling arrangement, not a referral fee. He asked Mr. Porter and Mr. Izard to describe the value they believed their firms *and* their client brought to the proposed arrangement. Mr. Porter responded at length by describing his experience in ESOP cases.

9. At no time until they filed Ulery's June 3, 2022 Reply did B&G or IKR indicate that they believed I had asked them to refer Ulery to SHS as a client, as opposed to discussing the same co-counsel arrangement that our firms had been discussing up to that point.

10. B&G and IKR also falsely state that SHS has only litigated seven ERISA cases and has only obtained a recovery in one. In fact, my colleagues at SHS and I have obtained three multi-million-dollar recoveries in ERISA class actions. *See Brown-Davis et al v. Walgreen Co. et al*, No. 1:19-CV-05392, Dkt. 116 (N.D. Ill. Feb. 16, 2022) (approving $13.75 million settlement); *Karg v. Transamerica*, et al., No. 1:18-cv-00134, Dkt. 98 (N.D. Iowa Nov. 22, 2021) (approving $5.4 million settlement); *Price v. Eaton Vance et al.*, No. 1:18-cv-12098, Dkt. 57 (D. Mass. Sept. 25, 2019) (approving $3.45 million settlement). These settlements are also noted on my webpage on our firm website. *See* https://www.sanfordheisler.com/team/charles-field/.

11. B&G and IKR also state that the emails from West Monroe to the Class regarding their 2021 ESOP distributions do not reference the Benefits Committee. This is also not true. SHS is in possession of an email dated August 13, 2021 from Steve Avrick, Senior Manager of Shared Services – ESOP Administration at West Monroe, which discussed the upcoming redemption of the Class's shares and states: "I have already pushed slides requesting approval [for the redemption] through to two underlying Board committees who meet in late August, and will present the slides at next Monday's **Benefits Committee** meeting which begins the formal recommendation for Board approval needed to direct the trustee and authorize the repurchase of shares." (Emphasis added).

12. West Monroe's official filings with the government concerning its ESO Plan also indicate "The Plan is administered by a Benefits Committee (the Committee) comprising of up to three persons appointed by the Company's Board of Directors." Daly Ex. L at 28.

13. My colleague and co-counsel, former federal judge Kevin Sharp, has litigated numerous ERISA cases during his career, as described in his Declaration (Daly Ex. H) ¶ 5. He would attest that, as an attorney and a judge, he tried and oversaw multiple cases involving company valuation and at least one case that involved an ESOP.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 7th day of June, 2022, in San Diego, California.

*/s/ Charles H. Field*
Charles H. Field

4