IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW DALY, on behalf of himself and all other persons similarly situated,<br>          Plaintiff,<br><br>v.<br><br>WEST MONROE PARTNERS, INC., et al.,<br>          Defendants. | )<br>)<br>)<br>)<br>) No. 21 C 06805<br>) Ronald A. Guzmán<br>)<br>)<br>)<br>) |
| NATHAN A. ULERY, on behalf of himself and all other persons similarly situated,<br>          Plaintiff,<br><br>v.<br><br>WEST MONROE PARTNERS, INC., et al.,<br>          Defendants. | )<br>)<br>)<br>) No. 22 C 781<br>) Ronald A. Guzmán<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

     The Court grants Daly's motion for appointment of interim counsel [12] and appoints Sanford Heisler Sharp, LLP as interim class counsel and Matthew Singer as local counsel. The Court denies Ulery's motion to appoint interim class counsel [50]. Interim class counsel shall file a consolidated amended complaint by July 8, 2022. Defendants shall answer or otherwise plead to the consolidated amended complaint by July 29, 2022. In the event Defendants move to dismiss the consolidated amended complaint, they shall make every effort possible to file a consolidated motion. If Defendants require additional pages, they shall seek leave of Court to file an enlarged brief well ahead of the responsive-pleading deadline. The Court directs the parties to confer, no later than July 11, 2022, to discuss the nature and bases of their claims and defenses and the possibilities for a prompt settlement or resolution of the case. The parties shall also discuss deadlines for Rule 26(a)(1) disclosures and a proposed discovery plan. A written initial status report and proposed discovery plan shall be filed no later than July 25, 2022. Plaintiff Daly is responsible for initiating such a meeting, and all lead counsel for all parties are required to participate. Failure or refusal to participate in such a meeting or to cooperate in the preparation of the written report may constitute a basis for sanctions. In-person status hearing set for July 28, 2022 at 11:00 a.m.

## STATEMENT

     West Monroe Partners, Inc. a private company, adopted an Employee Stock Ownership Plan ("the Plan") in 2012. The Plan had approximately 1,500 members by 2021. The Plaintiffs in the two related cases, *Daly v. West Monroe Partners, Inc., et al.*, No. 21 C 6805, and *Ulery v.*

*West Monroe Partners, Inc., et al.*, No. 22 C 781, filed complaints alleging generally that they and similarly situated individuals were forced in September 2021 to sell their stock in the Plan at a significantly undervalued price. The parties' claims arise under the Employee Retirement Income Security Act ("ERISA") and Delaware state law. The Court granted Ulery's motion to reassign his case to this Court and has consolidated the cases for pretrial purposes only at this time. The Court now addresses the parties' competing motions for appointment as interim class counsel.

Under Rule 23(g)(3), "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Moehrl v. Nat'l Ass'n of Realtors*, No. 19 C 1610, 2020 WL 5260511, at *1 (N.D. Ill. May 30, 2020) (citation and internal quotation marks omitted). "Designation of interim class counsel in consolidated putative class actions helps 'clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.'" *Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 288 (N.D. Ill. 2014) (citation omitted). Rule 23(g)(2) directs courts to consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."

While both parties have done work in investigating the claims, Daly's counsel's efforts began before those of Ulery's counsel. Daly's complaint was filed on December 22, 2021, while Ulery's complaint was filed on February 14, 2022, after Ulery's counsel reviewed Daly's complaint and documents supplied by Ulery and conducted their own research. The Court acknowledges Ulery's counsel's efforts in researching the relevant legal and factual issues; nevertheless, it had the advantage of the groundwork laid by Daly's counsel, including a filed complaint, from which to begin its inquiry into Ulery's claims.

While counsel for both Daly and Ulery have experience litigating ERISA class actions, Ulery's counsel appears to have more experience in this area; they have successfully represented class members in numerous ESOP class actions and are currently lead or co-counsel in numerous other pending ERISA ESOP cases. (Ulery's Mem. Law Supp. Mot. Appointment Counsel, Dkt. # 50, at 8-9 (citing cases).) Nevertheless, Daly's counsel's firm also has been involved in at least seven ERISA class action cases and has obtained multi-million-dollar recoveries in three of them. (Field Decl., Dkt. # 13-2, ¶ 5 (citing cases); Field Decl., Dkt. # 60-1, ¶ 10.) Charles Field, Co-Chair of the Financial Services Litigation Practice at Sanford Heisler Sharp, Daly's counsel, has significant experience in the financial services industry. Field acted as General Counsel, Director, and Chief Legal Officer of an "SEC-registered investment management firm," where he "oversaw the firm's compliance with ERISA, as well as federal and state securities laws, including the federal fiduciary duty standards embodied in the Investment Advisers Act of 1940," among other things. (Field Decl., Dkt. # 13-2, ¶ 8.) Field attests that he "undertook an extensive investigation of the facts pertaining to the allegations and claims in the complaint,"

including "reviewing hundreds of pages of documents," "gathering, reviewing, and analyzing market data bearing on the complaint's allegations," and "conducting hours of legal research into the various claims and theories asserted in the complaint." (*Id*. ¶ 10.) In addition, Field's co-counsel, Kevin Sharp, a former federal district court judge, has litigated numerous ERISA cases, several of which involved company valuations and at least one that involved an ESOP. (Field Decl., Dkt. # 60-1, ¶ 13.) Finally, Daly's counsel's firm has experience in employment class actions and other complex litigation, which is a relevant consideration under Rule 23(g)(2).

Ulery's counsel's contentions that Daly's complaint contains numerous mistakes does not persuade the court otherwise. The purported mistakes are either not mistakes or are differences in interpretation. In any event, Daly's counsel will be able to consider and incorporate, to the extent they deem necessary, the comments, suggestions, and purported corrections by Ulery's counsel when filing the amended consolidated complaint. Daly's counsel has committed to allocating the resources necessary to properly representing the class members in this case. Given Daly's counsel's experience in various large class action cases, the Court sees no reason to doubt their ability to do so.

While the Court did harbor concerns about the potential conflict of interest created by having Ulery, a former Director and board member of West Monroe, as a plaintiff, Ulery states in his reply memorandum that a former West Monroe employee, Daniel P. Williams, "will serve as named plaintiff and class representative," apparently in Ulery's place. (Ulery's Reply Mem. Supp. Mot. Appointment Interim Counsel, Dkt. # 57, at 5.) Accordingly, the potential conflict of interest has not played a role in the Court's selection of interim counsel.

For the reasons stated above, the Court grants Daly's motion for appointment of interim counsel and denies Ulery's motion for appointment of counsel.

**Date**: June 15, 2022

_____
**Ronald A. Guzmán**
**United States District Judge**