**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MATTHEW DALY, on behalf of himself and all others similarly situated,<br>       *Plaintiff*,<br><br>v.<br><br>WEST MONROE PARTNERS, INC., et al.<br>       *Defendants*. | )<br>)<br>)<br>) Case No. 1:21-cv-6805 (RAG/SMF)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>DEFENDANTS' SUR-RESPONSE IN SUPPORT OF THEIR JOINT MOTION TO DISMISS</u>**

**I.      Plaintiff Should be Required to Exhaust Administrative Remedies.**

**A.  The Exhaustion Requirement Applies to Breach of Fiduciary Duty Claims.**

There was no reason for Plaintiff to file a surreply to repeat, for the third time, his argument that direct Seventh Circuit precedent is dicta. *See* Dkt. 113 ("Surreply") at 1; Dkt. 103 at 21; Dkt. 73 at 9. The Seventh Circuit spoke in mandatory terms: "the strong federal policy encouraging private resolution of ERISA-related disputes ***mandates*** the application of the exhaustion doctrine to statutory claims for breach of a fiduciary duty under ERISA." *Powell v. A.T.& T. Commc'ns, Inc.*, 938 F.2d 823, 825 (7th Cir. 1991) (emphasis added). Despite three bites at the apple, Plaintiff still "does not dispute that every decision of this Court in the last two decades citing *Powell* applied its holding that administrative exhaustion is required for breach of fiduciary duty claims." Dkt. 109 ("Reply") at 1. This issue has already been fully briefed and Plaintiff presents nothing new.

**B.  The Exhaustion Requirement Does Not Exclude Statutory Claims for Benefits.**

Plaintiff argues that the term "claim for benefits," as used in the Plan and in 29 U.S.C. § 1133, cannot include "claims based on violations of ERISA." *See* Surreply at 2 & n.1. Yet Plaintiff's argument is based on out-of-circuit precedent that expressly disagrees with both Seventh and Eleventh Circuit precedent on this point. *See id.*; *Stephens v. Pension Ben. Guar. Corp.*, 755 F.3d 959, 965–66 (D.C. Cir. 2014) ("The Seventh and Eleventh Circuits, ***on the other hand***, have held the exhaustion requirement applies even where plaintiffs assert statutory rights.") (emphasis added). Indeed, the Seventh Circuit has squarely held that statutory claims trigger the exhaustion requirement under 29 U.S.C. § 1133. *See, e.g.*, *Kross v. W. Elec. Co.*, 701 F.2d 1238, 1244-45 (7th Cir. 1983). Plaintiff's attempt to marginalize *Kross* by claiming that the decision failed to analyze whether a statutory claim is actually a "claim for benefits" under 29 U.S.C. § 1133 is nothing more than a thinly-veiled argument that the Seventh Circuit improperly applied that

1

statutory section. *See* Surreply at 2 n.1. *See also Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1219 (11th Cir. 2008) (holding that "a complaint for breach of fiduciary duty . . . [is] a claim for benefits" and rejecting the argument that exhaustion was not required because "the provision in the plan regarding initial review of a claim refers only to '[c]laims for benefits'").[1]

### C. The Summary Plan Description Does Not Excuse Exhaustion.

Plaintiff argues exhaustion is excused because the Plan's summary plan description includes language mandated by federal regulations about a participant's right to sue in federal court. *See* Surreply at 2-3; Reply at 1-3. The Eleventh Circuit has rejected this argument as "frivolous." *Springer v. Wal-Mart Associates' Grp. Health Plan*, 908 F.2d 897, 900 (11th Cir. 1990). Nevertheless, Plaintiff attempts to rely on a subsequent Eleventh Circuit decision that declined to apply *Springer* to circumstances clearly not applicable here. Specifically, in that case, a participant who "did not consult an attorney" submitted an affidavit that she misunderstood the summary plan description or "SPD." *Watts v. BellSouth Telecommunications, Inc.*, 316 F.3d 1203, 1206 (11th Cir. 2003). As the court recognized, the meaning of the SPD would have been "obvious" "[t]o attorneys . . . familiar with ERISA law." *See id.* at 1208. In fact, "the same day . . . [that] she met with her attorney" she subsequently attempted to avail herself of the administrative process, but the plan rejected the appeal as untimely. *Id.* at 1206. By contrast, here, Plaintiff was not only represented by counsel, but counsel that the Court appointed as interim class counsel because of its significant "experience litigating ERISA class actions." Dkt. 61 at 2. Notwithstanding this, Plaintiff has made no effort to submit his claim to the Plan, for which the deadline to do so has not expired. *See infra* at § I(D). Plaintiff does not dispute that the other

---

[1] The Seventh Circuit did not address this issue in *Salus v. GTE Directories Serv. Corp.*, which affirmed the district court's exercise of its discretion not to require exhaustion where it was undisputed that the claim "would have been denied." 104 F.3d 131, 138 (7th Cir. 1997).

2

cases he cites are clearly distinguishable because they "addressed circumstances where plans made 'misleading statements to participants and then tried to use the fact that participants missed an internal appeals deadline to preclude any federal court review of the claims.'" *See* Reply at 3 n.5.

### D. The Fact That Funds Have Been Set Aside to Pay Meritorious Benefits Claims Does Not Excuse Exhaustion.

Defendants have repeatedly argued that exhaustion should not be excused based on futility because an amendment to the Plan provided that the Plan "must" retain "$50,000,000" until at least October 2023 to resolve any outstanding claims that may be filed. *See* Dkt. 95 at 10-11; Dkt. 79 at 10; Dkt. 73 at 12-13. Having seen this argument three times, Plaintiff's Opposition brief ignored the existence of the $50 million in funds set aside for the express purpose of paying claims for benefits if found to have merit. Yet now, for the first time in his Surreply, Plaintiff claims "exhaustion would . . . be futile" because he does not want any of the $50 million that was set aside in the Plan from the proceeds of the very transaction for which he claims it was a breach of fiduciary duty to exclude him. *See* Surreply at 3-4. By raising it now, for the very first time, Plaintiff's argument has been waived. *See Teledyne Techs., Inc. v. Shekar*, No. 15-CV-1392, 2017 WL 5892251, at *3 (N.D. Ill. Apr. 27, 2017) ("his . . . objection . . . is . . . waived, since he raised it for the first time in a sur-reply brief") (Guzman, J.).

Moreover, Plaintiff does not dispute that one of the purposes of exhaustion is to "develop a proper administrative record before entering federal court." *Gallegos v. Mount Sinai Med. Ctr.*, 210 F.3d 803, 809 (7th Cir. 2000). *See also* Reply at 5. Nevertheless, Plaintiff asks the Court to rule at the motion to dismiss stage, with no administrative record before it, that Plaintiff cannot recover from the funds set aside in the Plan and may only recover from West Monroe. *See* Surreply at 3-4. Such a ruling would be both procedurally improper and unwise. Even if the Court were willing to consider such an argument, it should only do so once the record has been developed.

Certainly, none of the cases cited by Plaintiff addressed a circumstance where money was set aside to pay potential claims.

## II.     Plaintiff Fails to State a Claim Against West Monroe.

It is a fundamental principle of ERISA that a fiduciary who delegates its discretionary authority retains only a limited duty to monitor its appointees. *See* Dkt. 95 at 12-13. For the first time in his Surreply, Plaintiff argues that there is a substantive difference between "appoint[ing]" members of "[t]he Benefits Committee" to "administer[] the Plan," Am. Compl. ¶ 15, and delegating authority to the Benefits Committee to administer the Plan. *See* Surreply at 5. Not only has this argument been waived, but it is wrong as a matter of law. *See, e.g.*, *In re Sears, Roebuck & Co. ERISA Litig.*, No. 02 C 8324, 2004 WL 407007, at *7 (N.D. Ill. Mar. 3, 2004) ("Under ERISA guidelines, ***a fiduciary who delegates responsibility <u>or</u> appoints other fiduciaries*** has a duty to monitor those delegates.") (emphasis added).[2] Since Plaintiff has failed to allege plausibly that West Monroe breached this limited duty to monitor, his breach of fiduciary duty claim against West Monroe should be dismissed. *See* Dkt. 95 at 13, 22-23.

In his Opposition, Plaintiff argued that West Monroe was liable for the actions of the Board because "in *Howell [v. Motorola]*, the Seventh Circuit *rejected* a distinction between the Board . . . and the company . . . and reaffirmed that the Circuit has implicitly recognized *respondeat superior* liability in ERISA cases." Dkt. 105 at 8 (cleaned up). But, as explained in the Reply, the Seventh Circuit held that the question of whether *respondeat superior* applied was "closely related" to the question of whether there was a breach of the limited duty to monitor appointed

---

[2] Plaintiff is wrong to the extent he suggests that because "West Monroe admits . . . that West Monroe was the Plan Administrator," Surreply at 5, West Monroe could not have delegated its authority. When a named plan administrator delegates its authority, it is still the plan administrator insofar as it retains the ability to remove or replace its delegee.

4

fiduciaries. *See* Dkt. 109 at 7 & n.8 (quoting *Howell*, 633 F.3d at 563). Rather than respond to this argument, Plaintiff simply repeats his mischaracterization of *Howell*, but this time omits any reference to its discussion of *respondeat superior*. *See* Reply at 4-5.

### III. Plaintiff Fails to Plausibly Allege Causation Against Argent.

Plaintiff's Surreply confirms that the Amended Complaint fails to plead the requisite causation against Argent. Plaintiff asserts that the 2020 valuation was a proximate cause of his injury because its use by West Monroe in valuing stock repurchases from participants in 2021 was foreseeable. Surreply at 7. There are two fatal flaws in the argument. First, it is blackletter law that a superseding cause breaks any chain of causation. *See Exxon Co., USA v. Sofec, Inc.*, 517 U.S. 830, 837 (1996) (no liability where injury results from a "later cause of independent origin that was not foreseeable" even when defendant "in fact substantially contributed to the plaintiff's injury"); *Kemper v. Deutsche Bank AG,* 911 F.3d 383, 393 (7th Cir. 2018) ("A cause is superseding when it is a cause of independent origin that was not foreseeable.") (quotations omitted). Plaintiff alleges the West Monroe Defendants were responsible for obtaining and using "an up-to-date valuation of Company stock to redeem Plan Participants' Company stock and make distributions to participants in early September." Am. Compl. ¶¶ 110; *see also ¶¶* 13, 36, 84-85. While the West Monroe Defendants may have used Argent's 2020 report to value Plaintiff's stock for repurchase (merely but-for causation), Plaintiff fails to plausibly allege loss causation or proximate causation because he does not and cannot explain how it was foreseeable to Argent that the West Monroe Defendants would, in purported breach of their fiduciary duties, intentionally fail to obtain a new and timely valuation report knowing the stock was more highly valued. *See, e.g.,* Am. Compl. ¶¶ 4-5. Said another way, even if purported errors in the 2020 valuation were corrected, Plaintiff's claim would still be that that the West Monroe Defendants failed to obtain an updated

5

valuation in the midst of a corporate sale. The claim against Argent, therefore, fails for lack of causation as a matter of law.

Second, Plaintiff ignores his own allegations regarding Argent's actual role in the stock redemption. Argent was required to distribute stock from Plaintiff's account upon request. Am. Compl. ¶¶ 36, 85. Plaintiff's stock was then valued and purchased by the West Monroe Defendants and the cash proceeds given to Plaintiff—all this was performed by the West Monroe Defendants, not Argent. Am. Compl. ¶¶ 4, 5, 7, 13, 14, 84-85.[3]

## IV. Plaintiff Fails to Plausibly Allege Co-Fiduciary Liability.

As explained in the Reply, Plaintiff has failed to state a claim for co-fiduciary liability because he has not plausibly alleged that the West Monroe Defendants or Argent had "actual knowledge of any breach by any other fiduciary." *Keach v. U.S. Tr. Co.*, 240 F. Supp. 2d 840, 844 (C.D. Ill. 2002). *See* Reply at 14-15. In his Surreply, Plaintiff ignores *Keach* and falsely claims that "Argent cites no authority holding that it 'must have actual knowledge of an alleged breach by the West Monroe Defendants as they discharged their fiduciary duties.'" Surreply at 7. As to the West Monroe Defendants, Plaintiff ignores his own allegation that the "West Monroe Defendants . . . *knew or should have known*" the information on which his co-fiduciary claim is based, which does not constitute "actual knowledge." *See* Am. Compl. ¶ 86 (emphasis added);

---

[3] Plaintiff's mistaken reliance on *Allen v. GreatBanc Trust Co.,* 835 F.3d 670, 678 (7th Cir. 2016), reinforces the point regarding Argent's limited role in distributing stock at Plaintiff's request. In *GreatBanc*, the trustee "instructed the Plan to acquire" stock for a specific price based on its valuation to form an ESOP so causation was not in question, and the Seventh Circuit passage quoted by Plaintiff regarding the *discretionary* trustee's valuation responsibility refers to the initial purchase of stock to form an ESOP, rather than the repurchase transaction at issue here, where a *directed* trustee served a distinctly different role.

Reply at 14-15 & n.11.[4]

Moreover, Plaintiff's allegation that Argent had knowledge of the West Monroe Defendants' use of a purportedly stale valuation *by October 5, 2021*, misses the mark because by that point, Argent had already completed its job by distributing shares from Plaintiff's account and, thus, knowledge as of that date cannot supply any basis for injury. Surreply at 7; Am. Compl. ¶ 123. Plaintiff's reliance on *Chao v. Wheeler*, No. 05-763, 2007 WL 4233464, at *6 (N.D. Ind. Nov. 28, 2007), also misses the mark because it did not involve a directed trustee. Argent acted as a directed trustee with respect to the September 2020 distribution, and, therefore, its duties were limited under 29 U.S.C. § 1103(a). Under the authority of that statutory subsection, Argent was required to follow proper instructions so long as those instructions were not inconsistent with ERISA or the Plan Document. Where a directed trustee follows proper instructions of a named fiduciary, such as the West Monroe Defendants, which are not contrary to ERISA or the Plan Document, the directed trustee is not liable as a co-fiduciary for the named fiduciary's alleged fiduciary breaches. *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 284 F. Supp.2d 511, 584-85 (S.D. Tex. 2003). The Amended Complaint provides no plausible basis for an inference that Argent acted "contrary to ERISA" when it made the requested distributions of stock to Plaintiff without knowledge of any impending corporate transaction at a higher value. Finally, as to a directed trustee, fiduciary liability and co-fiduciary liability are co-extensive, such that a failure to allege plausible fiduciary liability against Argent, as discussed above, necessarily results in dismissal of a co-fiduciary liability claim against Argent. *See DiFelice v. U.S. Airways, Inc.*, 397 F. Supp.2d 735, 757-58 (E.D. Va. 2005).

---

[4] None of the other paragraphs in the Amended Complaint that Plaintiff cites allege that any of the West Monroe Defendants had "actual knowledge" and, therefore, provide no basis to permit Plaintiff to disregard his own directly on point allegation in Paragraph 86.

7

DATED: December 2, 2022 */s/ Lars C. Golumbic*

        Lars C. Golumbic\*
        Samuel I. Levin\*
        Elizabeth L. Woods\*
        **GROOM LAW GROUP, CHARTERED**
        1701 Pennsylvania Ave., NW, Ste. 1200
        Washington, DC 20006
        Tel: (202) 861-6615; Fax: (202) 659-4503
        Email: lgolumbic@groom.com
                slevin@groom.com
                ewoods@groom.com

        Brendan R. Youngblood ARDC No. 6317038
        **CASSIDAY SCHADE LLP**
        222 West Adams Street, Suite 2900
        Chicago, IL 60606
        Tel: (312) 641-3100; Fax: (312) 444-1669
        Email: byoungblood@cassiday.com

        *Attorneys for the West Monroe Defendants*


        */s/ Brenton T. Vincent*
        Brenton T. Vincent
        Kristopher Fernandez
        **BRYAN CAVE LEIGHTON PAISNER LLP**
        161 North Clark St., Suite 4300
        Chicago, Illinois 60601
        Tel: (312) 602-5000
        Email: brent.vincent@bclplaw.com
                kristopher.fernandez@bclplaw.com

        Jeffrey S. Russell\*
        **BRYAN CAVE LEIGHTON PAISNER LLP**
        One Metropolitan Square
        211 North Broadway
        Suite 3600
        St. Louis, Missouri 63102
        (314) 259-2725
        Email: JSRussell@bclplaw.com

        Robert M. Lewis, Jr.\*
        **BRYAN CAVE LEIGHTON PAISNER LLP**
        1201 W. Peachtree St., N.W.
        14th Floor

Atlanta, Georgia 30309
(404) 572-6605
robert.lewis@bclplaw.com

*Attorneys for Defendant Argent Trust Company*

\* Admitted *pro hac vice*